No. 24486.

Lieb Furer, Ita Furer, Sam Furer, Max Furer *v.* Allied Steel Company, Dave C. Hahl, Boulden Partitions, Inc., Langfur Construction Corp.

(483 P.2d 212)

Decided April 5, 1971.

Joseph Furer, for plaintiffs in error.

Fuller and Evans, Ronald S. Loser, Northcutt & Seccombe, James C. Seccombe, Jr., for defendants in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

THIS action was brought to enforce and foreclose a mechanic's lien. Numerous parties were joined, and there were counterclaims and cross-claims. Trial was to the court, and lasted four days in the first week of September of 1968. The parties were then given 10 days to file summaries of their respective positions, and of their evidence. On March 18, 1969, the trial court entered its findings of fact and conclusions of law, and judgment in favor of the claimants. On April 1, 1969, Furer made a motion for modification, or in the alternative, for a new trial. This motion was heard on June 16, 1969, some minor changes were made, and on August 15, 1969, the trial court denied the motion for a new trial. Because of inexcusable delay on the part of Furer's attorney in getting the reporter's transcript before this Court, it was ordered stricken from the record on this writ of error.

Furer contends: (1) That this Court should set aside the findings of fact and conclusions of law made by the trial court because they were not rendered until some six months after trial, (2) that the findings and conclusions are not sufficiently comprehensive to provide a basis for review, (3) that the trial court erred in allowing interest prior to judgment, and (4) that the judgment does not properly reflect the stipulations of the parties. For reasons set forth below, we find no reversible error, and affirm.

I.

Furer first argues that since the trial court took so long in reaching its decision, its memory of what transpired at trial had become vague, and that we must therefore reverse. We have held that the bare fact of delay between trial and judgment is not sufficient to require reversal. Since no transcript of the evidence is before us, we must assume that the findings of fact and conclusions of law are supported by the evidence. *See Uptime Corp. v. Colorado Research Corp.*, 161 Colo. 87, 420 P.2d 232, where the delay was 22 months.

II.

Regarding Furer's second and third allegations,

defendant in error, Allied Steel Co., points out that neither of these points was presented to the trial court in Furer's motion for new trial. Our review of the record indicates that this is true. Unless an allegation of error is brought before the trial court in a new trial motion, this Court will not consider that allegation on writ of error. C.R.C.P. 59(f).

### III.

Furer's final argument is that the findings and conclusions of the trial court do not reflect the stipulations of the parties wherein Langfur Construction Corp. agreed to repair certain shutters in question. The stipulation appears in the record. We accept counsel's statement in this brief and at oral argument that Langfur Construction Corp. stands ready and willing to abide by its stipulation to repair the kitchen shutters. The trial court should see that this stipulation is complied with.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.