599 P.2d 918 (1979)
Ronald D. HITTI and Margaret Sue Hitti, Plaintiffs-Appellees,
v.
MONTEZUMA VALLEY IRRIGATION COMPANY, Defendant-Appellant.
No. 77-821.
Colorado Court of Appeals, Div. II.
February 15, 1979.
Rehearing Denied March 29, 1979.
Certiorari Denied August 27, 1979.
*919 Merlo, Merlo & Williamson, P. C., Samuel J. Merlo, Cortez, for plaintiffs-appellees.
Dilts, Wilson, Dyer & Fossum, P. C., Robert R. Wilson, Cortez, for defendant-appellant.
KELLY, Judge.
Ronald and Margaret Hitti brought this suit against Montezuma Valley Irrigation Company (MVI) seeking an injunction to restrain MVI from discharging water onto *920 their land and for damages for such discharge. MVI counterclaimed, seeking an injunction to restrain plaintiffs from interfering with MVI's canal and for damages for injuries to its flume. The trial court enjoined the Hittis from interfering with MVI's right to spill on their land flood waters "which have arisen from rainfall or runoff in and about the area where the spill is located and which water would flow down upon [Hittis'] land if [MVI's] canal is not in existence." MVI was enjoined from spilling appropriated water onto plaintiffs' land at any time. Judgment was entered against MVI in the amount of $1950 for damage to Hittis' property caused by an unlawful discharge of water. MVI appeals the trial court's injunctions and judgment for damages. MVI also challenges plaintiffs' right to build a dam at the site of its easement. We reverse.
The following facts were found by the trial court and are supported by the record. The Hittis' land is burdened by two arroyos which merge midway into their land. In April 1973, plaintiffs built a dam and spillway at the junction of the two arroyos to improve the irrigation of their farm. MVI owns and maintains an irrigation canal which passes near the Hittis' land. During times of heavy rainfall, the capacity of MVI's ditch is exceeded by the runoff and MVI habitually spills the excess into selected arroyos, including one on the Hittis' land. In July 1975, a heavy rainfall occurred, and MVI spilled a large quantity of water down one of plaintiffs' arroyos. This water, combined with the water from the other arroyo, washed out plaintiffs' spillway and damaged their dam. The Hittis rebuilt their dam and enlarged the spillway. In September 1975, there was another heavy rain, and MVI again spilled water, causing further damage to plaintiffs' dam. Plaintiffs then closed the spill from MVI's ditch, sending all the water down MVI's canal, where it subsequently caused some damage to the flume. When MVI's ditchrider discovered the spill had been closed, he opened it, causing more damage to the Hittis' dam.
MVI repaired its damaged flume at a cost of $120, and sometime later, at its own election, began work to replace the damaged flume with a much larger and more expensive structure. During the four days of construction of the new flume, MVI spilled all the water in the ditch into plaintiffs' arroyo. The plaintiffs were in the process of repairing their dam at the time, and the vast flood of water being turned into the arroyo prevented their repairs and washed out much of their land below the spillway. There was no rain falling at this time, and MVI could have shut off the water by closing the outlet at its reservoir, but did not do so to avoid inconvenience to lower shareholders. The trial court determined that plaintiffs' damages were $1950 from this spilling, and entered judgment for that amount.
MVI contends that the trial court's limitation of its right to spill water up to the amount which would have flowed from natural causes, assuming MVI's ditch was not in existence, improperly restricted its right-of-way. We agree.
The right to transport water for irrigation purposes across the lands of another is granted by Colo.Const., Art. 17, § 7 and § 37-86-102, C.R.S.1973. See Yunker v. Nichols, 1 Colo. 551 (1872). The right to spill waste water has been recognized as part of the right to transport water where essential to the maintenance of the ditch. Rogers v. Lower Clear Creek Ditch Co., 63 Colo. 216, 165 P. 248 (1917).
A right-of-way to transport irrigation water and to spill waste water may be acquired by condemnation, grant, or by prescriptive right. Yunker v. Nichols, supra. Where, as here, "the ditch has been in existence for an appreciable time, consent to its original construction is presumed." Leonard v. Buerger, 130 Colo. 497, 276 P.2d 986 (1954); Rogers, supra. Once the ditch has been constructed and is operating, consent may not be withdrawn, the right of maintenance may not be denied, and the owner of the ditch has a title equivalent to one acquired by grant. Leonard v. Buerger, supra; Rogers v. Lower Clear Creek Ditch Co., supra.
The record indicates that MVI had spilled excess water on the Hittis' land during times of heavy rainfall for more than 40 *921 years, and that during those years water had been spilled when repairs were being made at lower points on the canal. The land was burdened with this right-of-way when it was purchased by the Hittis in 1972. The trial court's order limiting MVI's right to spill water to that which would have flowed into the arroyo from natural causes and prohibiting MVI from spilling appropriated water unduly restricts MVI's right-of-way and cannot be sustained.
However, a ditch owner is not permitted to place a greater servitude or burden on the land than that which existed at the time the ditch was constructed or was reasonably necessary to operate it properly. Arthur Irrigation Co. v. Strayer, 50 Colo. 371, 115 P. 724 (1911). Furthermore, the ditch owner is liable for any injuries caused to property from the overflow of water from a ditch which results directly or indirectly from negligence in the use and repair of the ditch. Greeley Irrigation v. House, 14 Colo. 549, 24 P. 329 (1890). A ditch owner's right to spill water for purposes of maintenance is limited to reasonable amounts of water over reasonable periods of time.
Thus, since the $1950 damage judgment was premised on MVI's spilling of appropriated water during a period of repairs, that judgment also must be set aside. The matter should be reconsidered by the trial court to determine whether it was reasonable to spill under the circumstances, and if it was not reasonable, the extent to which it was unreasonable, and the amount of damage resulting therefrom.
MVI also argues that the trial court erred in refusing to award damages to MVI for alleged injuries caused when the Hittis closed the spill to MVI's ditch. The trial court denied recovery to MVI because it found that MVI's work on the flume was elective, and that only the "approach" to the flume was damaged. We agree that MVI was not entitled to the cost of the elective replacement flume, but it was entitled to the sum of $120 for the cost of repairs to the original flume. Therefore, judgment should be entered in favor of MVI for that amount.
MVI's second contention is that the plaintiffs interfered with its easement by constructing a dam across its right-of-way. The trial court did not address this issue in its judgment, and MVI did not include it in the motion for new trial, as required by C.R.C.P. 59(f). All errors relied on as grounds for a motion for a new trial must be specifically set forth in the motion. Denver Tramway Co. v. Gentry, 82 Colo. 51, 256 P. 1088 (1927). Questions not presented in such motion will not be considered on review. Furer v. Allied Steel Co., 174 Colo. 171, 483 P.2d 212 (1971).
The injunctions and judgment are reversed and the cause is remanded for further proceedings consistent with this opinion.
ENOCH and VAN CISE, JJ., concur.