Betty WILSON, Plaintiff-Appellee and Cross-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS; John G. Campbell, Commissioner; Pete M. Mirelez, Commissioner; Robert Briggs, Commissioner; and Al Lesser, Defendants-Appellants and Cross-Appellees.

No. 82SA586.

Supreme Court of Colorado.

May 20, 1985.

Rehearing Denied Aug. 19, 1985.

Shoemaker, Wham, Krisor & Bendelow, Edward M. Bendelow, Denver, for plaintiff-appellee and cross-appellant.

Hall & Evans, Alan Epstein, Carol M. Welch, Denver, for defendants-appellants and cross-appellees.

ERICKSON, Chief Justice.

The Adams County Board of County Commissioners (the Board) appeals from an adverse judgment in favor of the plaintiff,

Betty Wilson, on a jury verdict awarding damages for constructive termination or discharge. On appeal, the Board asserts that: (1) the rules and regulations in the Adams County Personnel Manual do not create an enforceable employment contract; (2) there was insufficient evidence to establish that the plaintiff was constructively discharged; and (3) the district court erred in its rulings refusing to compel the presence of an expert witness, admitting certain evidence, and rejecting the Board's tendered instructions to the jury.

The plaintiff cross-appeals, asserting that she is entitled to attorney fees because she was wrongfully denied wages contrary to section 8–4–104, 3 C.R.S. (1973), *see* section 8–4–114, 3 C.R.S. (1973),[1] and because her pursuit of the constructive discharge claim in the district court was in the nature of a private attorney general's action. The plaintiff also claims that she is entitled to attorney fees because her "discharge" deprived her of a constitutionally protected property right without due process of law. *See* 42 U.S.C. § 1983. We agree with the Board that there was insufficient evidence as a matter of law to establish a change in the plaintiff's duties that might constitute a constructive discharge. We therefore reverse and remand with directions to enter a judgment in favor of the defendant.

## I.

Betty Wilson was hired as a receptionist by Adams County on March 1, 1962. She was assigned to the Colorado State University Extension Office, where her initial responsibilities were to answer the telephone and assist persons who sought information and services which the extension office provided. In 1973, Wilson assumed clerical and secretarial duties, and she ultimately attained the classification of clerk III, grade 6, step 10. However, throughout her employment with Adams County she periodically "filled in" as receptionist when the full-time receptionist was ill, on leave, or otherwise unavailable.

On January 15, 1979, a staff meeting was held to discuss office procedures and to address complaints from the public and staff members that the office telephone was not being answered on a regular basis. As the result of the complaints, Wilson was instructed by her supervisor, Al Lesser, to thereafter assume primary responsibility for answering the office telephone when the receptionist was away from her desk. Wilson stated at the staff meeting that she did not believe that she should assume "back-up" receptionist duties, in view of her seniority in the extension office. In a memorandum written the following day, Wilson also stated that the stress and anxiety associated with receptionist duties created medical problems that should preclude her from assuming the function of back-up receptionist.[2]

As the result of Lesser's refusal to relieve Wilson of the responsibility of "backing up" the office receptionist, she left her job on February 26, 1979, and refused to return. Shortly thereafter, she filed a grievance pursuant to the procedure specified in the Adams County personnel manual. The grievance was denied by Lesser, and again by the Adams County Personnel Director and the Adams County Administrator. Throughout the grievance procedure, Wilson remained an employee of Adams County through accumulation of sick and annual leave. However, she was informed by Lesser on June 29, 1979, that all

---

**1.** In relation to her claim that she is entitled to attorney fees pursuant to section 8–4–114, Wilson asserts that section 8–4–101(6), 3 C.R.S. (1973), which exempts counties from the provisions of section 8–4–114, is unconstitutional. Wilson's constitutional challenge establishes the jurisdiction of this court. *See* §§ 13–4–102(1) & 13–4–110(1)(a), 6 C.R.S. (1973).

**2.** Wilson also obtained two letters from her physician, which stated in a summary fashion that she was being treated for a variety of medical problems and that the environmental conditions posed by "new" assigned tasks could have an adverse effect on her health.

of her leave had expired as of June 21, 1979, and that she would be terminated if she did not return to work by July 5, 1979. Wilson's failure to return to work on the date specified by Lesser was deemed to be a voluntary resignation, and her employment with Adams County was terminated.

On October 15, 1979, Wilson filed suit in the district court, alleging that her designation as "back-up" receptionist was in breach of the terms of an employment contract and constituted a constructive discharge. Wilson also asserted that she had a constitutionally protected property interest in her employment with Adams County that was abridged through her "discharge" without due process of law. The jury subsequently returned a verdict in favor of Wilson, and awarded her damages in the amount of $46,714. Her claim alleging a due process violation was later dismissed by the district court.

## II.

■ The Board asserts that it is not liable as a matter of law for terminating Wilson's employment because the terms of her employment, as specified in the Adams County personnel manual, were not governed by an enforceable employment contract. However, the issue was never raised in the district court, either by way of a motion for summary judgment or in the Board's motion for judgment notwithstanding the verdict or for a new trial.[3] The issue is therefore not properly postured for appellate review, and we are precluded from considering it. C.R.C.P. 59(f), *Furer v. Allied Steel Company*, 174 Colo. 171, 483 P.2d 212 (1971).

## III.

■ Even if we assume for the purpose of this appeal that the Board's right to terminate Wilson's employment was governed by an enforceable employment con-

tract, there nevertheless must be sufficient evidence in the record to support a determination by the jury that Wilson was constructively discharged. *Chartier v. Winslow Crane Service Company*, 142 Colo. 294, 350 P.2d 1044 (1960). In reviewing the sufficiency of the evidence, we are mindful that all of the evidence must be considered in the light most favorable to the plaintiff, and that it is not the province of this court to judge the weight of the evidence or the credibility of the witnesses. *Chartier*, 142 Colo. at 301, 350 P.2d at 1048; *Seifried v. Mosher*, 129 Colo. 156, 268 P.2d 411 (1954).

■ The doctrine of "constructive discharge" has been developed largely through the federal courts in cases involving unfair labor practices. To prove a constructive discharge, a plaintiff must present sufficient evidence establishing deliberate action on the part of an employer which makes or allows an employee's working conditions to become so difficult or intolerable that the employee has no other choice but to resign. *Irving v. Dubuque Packing Co.*, 689 F.2d 170 (10th Cir.1982); *Junior v. Texaco, Inc.*, 688 F.2d 377 (5th Cir.1982); *Alicea Rosado v. Garcia Santiago*, 562 F.2d 114 (1st Cir.1977); *see Colorado Civil Rights Commission v. State*, 30 Colo.App. 10, 488 P.2d 83 (1971). The First Circuit Court of Appeals has recognized that, unless the actions of the employer constitute, in effect, a discharge,

> the employee has no right simply to walk out; he must accept the orders of his superior, even if felt to be unjust, until relieved of them by judicial or administrative action. Were this not so, a public employee would be encouraged to set himself up as the judge of every grievance; and the public taxpayer would end up paying for periods of idleness while the grievance was being adjudicated.

*Alicea Rosado*, 562 F.2d at 119. The determination of whether the actions of an em-

---

**3.** At trial, the district court entered a directed verdict for the plaintiff on the issue of the existence of an employment contract, to which the Board offered no objection.

ployer amount to a constructive discharge depends upon whether a reasonable person under the same or similar circumstances would view the new working conditions as intolerable, and not upon the subjective view of the individual employee. *Id.* 562 F.2d at 119; *Irving,* 689 F.2d at 172.

■ It was undisputed at trial that Wilson was assigned by her supervisor to assume the primary responsibility of "backing up" the office receptionist when required by the circumstances. Wilson contended that this action by her employer constituted a demotion or reassignment in violation of the conditions of her employment contract, inasmuch as she was being required to assume lower grade receptionist duties as opposed to clerical or secretarial duties. Wilson also asserted that she was "transferred" in violation of seniority provisions of the Adams County personnel manual and, in view of asserted medical difficulties that arose when she assumed receptionist duties, her "transfer" amounted to a constructive discharge.

However, the evidence in the record, including Wilson's own testimony, establishes that throughout the six-year period after Wilson assumed "secretarial" duties and prior to her designation as "primary back-up receptionist," she continued to be responsible for filling in as receptionist when, for some reason, the receptionist's desk was vacant. Wilson testified that after a receptionist resigned or was on leave for an extended period of time she was responsible for "covering" the reception desk and switchboard, and when the receptionist was unavailable for a shorter period of time she shared receptionist duties with other clerical staff workers.

Evidence presented at trial also establishes that Wilson's "back-up" duties were consistent with her responsibility to assist "in other office functions as needed," as specified by the job classification for a clerk III, grade 6. Lesser's subsequent instructions that Wilson should become primarily responsible for backing up the receptionist, which formalized and, to a degree, modified existing office procedures, was consistent with his right, as prescribed by the Adams County personnel manual, "to introduce new or improved methods or facilities" and to modify the duties and responsibilities of a position from time to time "to improve effective utilization of employees." At no time prior to or following Lesser's instructions was Wilson's grade classification or salary changed, and there is no evidence in the record that she was otherwise relieved of her additional secretarial duties.

In our view, the evidence is not sufficient to support a jury determination that any of the provisions of the Adams County personnel rules were violated by Lesser's modification of the office procedures.[4] There is no evidence in the record that Wilson was required to assume any additional duties other than those which she had performed in the past and that were within the scope of the terms and conditions prescribed for her employment. Although the evidence establishes that the extension office switchboard became busy on occasions and that Wilson clearly found receptionist duties to be objectionable, the record does not support the conclusion that there was any change in Wilson's responsibilities that could constitute a constructive discharge. The fact that Wilson may have been unwilling or unable to assume "back-up" receptionist duties due to medical or emotional pressures associated with such duties is not sufficient, in our view, to transform the continuation of her ongoing duties into a constructive discharge. The district court should therefore have granted the Board's

---

**4.** The lack of evidence that Wilson's grade classification was changed or that she was required to assume any duties inconsistent with or outside the scope of a Clerk III, grade 6, precludes a factual determination that she was reassigned to "a lower grade than that in which the employee is currently serving," which constitutes a demotion under the terms of the Adams County personnel manual, or was "transferred" in violation of Adams County seniority provisions.

motion for dismissal at the conclusion of Wilson's case-in-chief on the ground that there was no evidence that Wilson's job duties had changed.

### IV.

In view of our review of the record and conclusion that the evidence is insufficient as a matter of law to support a determination that Wilson was constructively discharged from her employment by the Board, we need not consider her claim on cross-appeal that she was deprived of a constitutionally protected property right without due process of law.

The judgment entered by the district court awarding damages for breach of contract and constructive discharge is, accordingly, reversed, and the case is remanded to the district court with directions to enter a judgment in favor of the defendant.