**Ben Nighthorse CAMPBELL and Linda A. Campbell, Plaintiffs-Appellees,**

v.

**Samuel KELSALL, III and Samuel Kelsall, IV, Defendants-Appellants.**

No. 84CA0734.

Colorado Court of Appeals, Div. I.

March 13, 1986.

---

Maynes, Bradford & Shipps, Sara Duncan, Durango, for plaintiffs-appellees.

Hamilton, Shand & McLachlan, P.C., Keith Newbold, Durango, for defendants-appellants.

TURSI, Judge.

Defendants, Samuel Kelsall, III and Samuel Kelsall, IV, appeal from a judgment of the district court in favor of the plaintiffs, Ben Nighthorse Campbell and Linda A. Campbell, in an action for damages to an irrigation ditch which carried water to the plaintiffs' property. We affirm.

Plaintiffs and defendants are owners of adjacent properties in La Plata County. Defendant Samuel Kelsall, III owns the property which he, in turn, leases to his son Samuel Kelsall, IV. This property is traversed by two main ditches and a lateral ditch which benefit the Campbell property to the south. These ditches have been in existence for at least the past twenty years.

In the fall of 1983, the defendants commenced plowing the field which contained one of the irrigation ditches. This plowing destroyed the ditch.

Plaintiffs commenced this action, seeking damages under theories of trespass, nui-

sance, and infliction of emotional distress. The plaintiffs also requested an award of reasonable attorney fees.

The trial court found that the defendants' destruction of the ditch "was without lawful right and willful, deliberate, and with a wanton disregard of the plaintiffs' rights and feelings." Judgment was entered in favor of the plaintiffs for $350 actual damages and an additional $500 punitive damages from each defendant. The trial court also ordered the defendants to restore the ditch to its former condition. No attorney fees were awarded.

Defendants argue that § 37–86–105, C.R.S., permits them to unify existing ditches which create a burden to their property. We disagree.

> Section 37–86–105, C.R.S., provides that: "No tract or parcel of improved or occupied land, without the written consent of the owners thereof, shall be subjected to the burden of two or more ditches or other structures constructed for the purposes of conveying water through said land when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary to be conveyed through such property through one ditch or other structure."

This section is but one provision of article 86 of title 37 that establishes the right of a landowner to obtain a right-of-way to transport water over the land of another. This right of private condemnation is limited by the operation of § 37–86–105, C.R.S., and has no application in cases where the ditches in question are already in existence and the rights of the parties in such ditches are already vested. *See Hitti v. Montezuma Valley Irrigation Co.*, 42 Colo.App. 194, 599 P.2d 918 (1979); *Valley Development Co. v. Weeks*, 147 Colo. 591, 364 P.2d 730 (1961).

The ditch in this case has been in existence for at least the past twenty years. A long period of existence raises a presumption that original construction of the ditch was consensual. *Hitti v. Montezuma Valley Irrigation Co., supra.* Defendants introduced no evidence to rebut this presumption.

Because there is no attempt at condemnation pursuant to § 37–86–101, et seq., C.R.S., the requirements of § 37–86–105, C.R.S., are irrelevant to this case, and defendants' reliance on that provision is without any legal basis. *See Sand Creek Lateral Irrigation Co. v. Davis*, 17 Colo. 326, 29 P. 742 (1892).

Plaintiffs request attorney fees for defense of this appeal. Because defendants' argument is not totally frivolous, we decline to do so. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

The judgment of the trial court is affirmed.

PIERCE and BERMAN, JJ., concur.