## In re the MARRIAGE OF Scott HALL, Appellant,

### and

### Mary Jane Hall, Appellee.

### No. 97CA1553.

Colorado Court of Appeals, Div. I.

Dec. 10, 1998.

Patricia M. Perello, Colorado Springs, Colorado, for Appellant.

Lohman & Lohman, P.C., Catherine L. Lohman, Richard V. Lohman, Colorado Springs, Colorado, for Appellee.

Opinion by Judge METZGER.

In this post-dissolution of marriage action, Scott Hall (husband) appeals the trial court's order authorizing Mary Jane Hall (wife) to receive approximately $23,000 in proceeds from the sale of the family home. We affirm.

According to the permanent orders entered in 1996, wife was awarded the family home, husband was awarded his business, debts were allocated, and wife was ordered to pay husband a sum of money sufficient to effect an equal division of these assets and liabilities of the marriage. The order further provided that, if wife failed to make this equalization payment within 90 days, the home was to be sold and husband was to receive his payment from the proceeds.

Wife appealed this decision, but she also listed the home for sale. The day before the

sale closing, wife sought and received a ten-day continuance of the closing. She then dismissed her appeal and filed a petition in bankruptcy, naming husband as a creditor and claiming a homestead exemption of $30,-000 pursuant to §38–41–201, C.R.S.1998.

Although he received notice that he had been listed as a creditor, husband made no appearance in the bankruptcy proceeding.

Finding that the equity value of the home was less than the $30,000 homestead exemption, the Bankruptcy Trustee abandoned the homestead as an asset of the bankruptcy estate. On December 17, 1996, wife's obligations to husband and to all her other creditors were discharged by final order of the bankruptcy court.

The home was then sold and wife placed the net proceeds of approximately $23,000 in the district court registry. The Internal Revenue Service then filed a notice of levy of those funds for payment of husband's 1993, 1994, and 1995 taxes.

Relying on the provisions of the permanent orders, husband thereafter filed a "Request to Distribute Registry Funds" to him. Wife objected, contending that the bankruptcy court had discharged any obligations she owed to husband or to any other creditors of the marriage (including the Internal Revenue Service), and requested that the funds in the court registry be released to her.

After a hearing, the trial court denied husband's motion and, essentially adopting wife's argument, ordered the funds to be released to her. This appeal followed.

## I.

Husband first contends the trial court erred in concluding that the bankruptcy court order had discharged the obligation imposed in the dissolution court's permanent orders. We disagree.

### A.

11 U.S.C. §523(a)(15)(1994) provides that, with certain exceptions not applicable here, an individual debtor is not discharged from any debt:

that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit. . . .

However, implementation of this section hinges on 11 U.S.C. §523(c)(1)(1994), which provides:

[T]he debtor shall be discharged from a debt of a kind specified in paragraph ... (15) of subsection (a) of this section, *unless, on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (15)... of subsection (a) of this section. (emphasis added)

Husband concedes that he filed no request pursuant to 11 U.S.C. §523(c)(1) in wife's bankruptcy case. Thus, the trial court was correct in determining that 11 U.S.C. §523(a)(15)did not apply.

### B.

■ Husband argues, however, that because 11 U.S.C. §522(f)(1994)(which provides that statutory liens are not dischargeable in bankruptcy) applies to the facts of this case, the trial court erred in not considering it.

This argument was not presented to the trial court. Thus, we may not address it. *See Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo.1985).

## II.

■ Husband next contends the permanent orders gave him an equitable lien on the home. Thus, he asserts, the trial court erred in concluding: "Husband has not met his burden in regard to the elements of constructive trust nor has he demonstrated how relief would not be re-creation of a discharged debt." Again, we disagree.

An equitable lien is a creature of equity, based on the doctrine of unjust enrichment. An equitable lien that is imposed by a court of equity to prevent unjust enrichment is a

form of constructive trust. *See generally* D. Dobbs, *Remedies* §4.3 at 249 (1973).

Equitable relief is available only when the law affords none. *In Re Estate of Kubby*, 929 P.2d 55 (Colo.App.1996).

Here, it is undisputed that 11 U.S.C. §523(c)(1) provided the legal mechanism for husband to oppose wife's attempt to discharge her debt to him. He did not avail himself of that opportunity in the bankruptcy court.

Thus, since the law afforded husband a remedy, the trial court was correct in determining that the evidence was insufficient to warrant use of its equity powers in imposition of a constructive trust.

Husband's reliance on *Leyden v. Citicorp Industrial Bank*, 782 P.2d 6 (Colo.1989) is misplaced. Because that case arose well before Congress' passage of 11 U.S.C. §523(a)(15) at a time when, generally, an unsecured debt arising from the division of property in a decree of dissolution was dischargeable in bankruptcy, *see In re Donahue*, 862 F.2d 259 (10th Cir.1988), equitable relief was the only available remedy. That is no longer so.

The order is affirmed.

Judge PLANK and Judge ROTHENBERG, concur.