In re the MARRIAGE OF Candyce
S. CAMPBELL, n/k/a Candyce
S. Rushold, Appellant,

and

Kent N. Campbell, Appellee.

No. 04CA2133.

Colorado Court of Appeals,
Div. III.

May 18, 2006.

Rehearing Denied June 8, 2006.

Lathrop Law Office, P.C., Diane M. Lathrop, Fort Collins, Colorado, for Appellant.

Kent N. Campbell, Fort Collins, Colorado, for Appellee.

LOEB, J.

In this action dissolving the marriage between Candyce S. Rushold (wife) and Kent N. Campbell (husband), wife appeals the portions of the permanent orders concerning the valuation of husband's partnership interest, calculation of his income, bankruptcy discharge of his obligation for the children's extraordinary medical expenses, and attorney fees. We reverse in part, vacate in part, and remand with directions.

Husband, a partner in a Fort Collins law firm, filed a Chapter 7 bankruptcy petition during the pendency of the dissolution action. The partnership agreement required his expulsion from the partnership after he filed for bankruptcy and the buyout of his interest at an agreed price of $50,000, which was paid to the bankruptcy trustee. Husband remained working for his law firm, however, as "of counsel."

The bankruptcy court granted wife relief from the automatic stay for the limited purpose of establishing her interest in the property of the estate and ordered that the judgment entered by the state court would liquidate wife's prepetition claim against the estate as a general unsecured creditor.

At the permanent orders hearing, the parties disagreed concerning the valuation of husband's former partnership interest in the law firm. Husband's position was that the bankruptcy filing was proper, that the asset had been sold for the value established by the partnership agreement, that the sale was approved by the bankruptcy court, and that an equal division of the marital assets was appropriate. Wife argued that husband's former partnership interest in his law firm should be valued at its prebankruptcy value or, alternatively, that the court should find that husband dissipated assets by purposefully filing the bankruptcy to reduce the value of his interest. She alternatively requested a disproportionate share of the marital assets based on dissipation, her limited earning capacity, and the discrepancies in the parties' incomes. Wife also requested reimbursement from husband for his share of the children's medical expenses incurred both before and after the bankruptcy filing. Husband asserted that his obligation for such expenses was discharged in bankruptcy.

The trial court found that husband's bankruptcy filing was not done maliciously, but was extremely disruptive and should have been foreseen by husband, who was a longtime legal practitioner. The court also found that husband's income declined after the bankruptcy from a four-year average of $34,000 per month, as the leading attorney in his law firm, to a figure of $14,600 per month, after implementation of the clause in the partnership agreement that required his expulsion as a partner. The court concluded that child support should be calculated based on husband's monthly income of $14,600.

The court also found, based on testimony at the permanent orders hearing, that the $50,000 paid by husband's law firm to the trustee included goodwill. It concluded that husband owed wife the sum of $29,347 to equalize the division of the marital estate and ordered that such payment be made within forty-five days from husband's Keogh account by means of a qualified domestic relations order. The court later corrected the amount that husband owed wife to $51,847.50.

The court further ordered husband to provide evidence to wife within ten days of the order to support his claim that $3935.50 of the extraordinary medical expenses he owed her had been discharged in bankruptcy or, alternatively, to pay her that amount immediately. Based upon only the review of a letter from husband's bankruptcy counsel confirming the discharge, the court denied wife's claim for reimbursement of the medical expenses.

I.

■ Wife first contends that the trial court erred as a matter of law when it determined that husband's law practice, including goodwill, was worth only the $50,000 designated in the partnership agreement and paid to the bankruptcy court. In a related argument, wife contends that the trial court erred as a matter of law when it failed to address her argument that husband dissipated marital assets by filing for bankruptcy. We remand for reconsideration and the entry of additional findings.

Generally, property must be valued as of the date of the decree or as of the date of the hearing on the disposition of property, whichever is earlier. Section 14–10–113(5), C.R.S. 2005.

■ "Economic fault," however, is a concept that comes into play in extreme cases, such as when a spouse dissipates marital assets in contemplation of the dissolution. *In re Marriage of Hunt,* 909 P.2d 525 (Colo. 1995); *In re Marriage of Lockwood,* 971 P.2d 264 (Colo.App.1998). If marital assets have been dissipated by a party, those assets must be valued as of the last date they existed as

marital property. *In re Marriage of Martinez,* 77 P.3d 827 (Colo.App.2003); *In re Marriage of Lockwood, supra; In re Marriage of Finer,* 920 P.2d 325 (Colo.App.1996).

Here, the trial court determined that husband's filing of bankruptcy was valid and not motivated by a desire to minimize the value of the marital property. However, the court did not explicitly address wife's contention that husband depleted or dissipated the marital estate. Wife's argument was based on husband's filing for bankruptcy during the pendency of this action and coincidentally following the receipt of his expert's opinion concerning the value of his law partnership interest, which was similar to the value reached by wife's expert and, contrary to husband's contention, contained an element of goodwill.

Thus, it is necessary to remand this matter for reconsideration by the trial court and the entry of specific findings to analyze and resolve wife's allegation that husband dissipated marital property by filing for bankruptcy. *See In re Marriage of Casias,* 962 P.2d 999 (Colo.App.1998).

Because it was raised for the first time on appeal, however, we do not address wife's contention that husband's filing for bankruptcy violated the automatic restraining order established by § 14–10–107(4)(b)(I)(A), C.R.S.2005. *See In re Marriage of Graff,* 902 P.2d 402 (Colo.App.1994). *See generally In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App.1985).

II.

■ Wife also contends that the trial court erred as a matter of law in determining that husband's share of the children's medical expenses incurred prior to, and after, he filed for bankruptcy were not in the nature of support and, therefore, were discharged. We agree and remand for entry of judgment in wife's favor.

The permanent orders required husband to prove his contention that the $3935.50 claimed by wife for medical expenses had been discharged in the bankruptcy or, alternatively, to pay the amount to wife. The opinion letter submitted by husband dis-

cussed the circumstances and timelines in which a nonsupport obligation may constitute an exception from discharge, but did not address discharge of support obligations. Based on that letter, the trial court summarily denied wife's claim.

Wife argues that the court improperly entered the order before she had a chance to respond and without making specific findings. She also argues that the extraordinary medical expenses for the children were part of husband's child support obligation and, therefore, not dischargeable in bankruptcy. She further argues that there is no deadline for raising the issue of dischargeability of a debt under 11 U.S.C. § 523(a)(5) (2000) and that the trial court retained jurisdiction to make that determination. Husband responds that the trial court's denial of wife's claim was proper because she failed to commence an adversary proceeding in the bankruptcy court, seeking a determination whether the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(15) (2000). We agree with wife.

■ The bankruptcy court has concurrent, rather than exclusive, jurisdiction with a state domestic relations court to determine whether a debt is in the nature of support and is therefore excepted from discharge under 11 U.S.C. § 523(a)(5). *In re Marriage of Wisdom*, 833 P.2d 884 (Colo.App.1992); *In re Marriage of Barber*, 811 P.2d 451 (Colo. App.1991).

■■ There is no time limit for the filing of a complaint to determine the dischargeability of a support debt under § 523(a)(5), and such contests may be brought before or after a discharge has been granted by the bankruptcy court. *In re Galbreath*, 83 B.R. 549 (Bankr.S.D.Ill.1988); *In re Marriage of Wisdom, supra*. The burden of proof is on the party seeking to hold the debt nondischargeable. *In re Marriage of Wilson*, 888 P.2d 365 (Colo.App.1994).

■ The pertinent inquiry in determining whether a debt is in the nature of support is whether payment has been ordered in recognition and fulfillment of the debtor's duty to provide for the well-being of the child, and must focus on the statutory authority under-lying the state court's order. *In re Morris*, 14 B.R. 217 (Bankr.D.Colo.1981).

In *Morris, supra*, the court concluded that the husband's obligation to pay the attorney fees incurred for the drafting of a visitation agreement was in the nature of support and nondischargeable under § 523(a)(5). It reached this conclusion even though the statute authorizing the appointment of an attorney for the child did not expressly state that fees and costs would be taxed to the parties based on the duty of support.

Section 14–10–115(4), C.R.S.2005, provides that the child support guideline does the following:

(a) Calculates child support based upon the parents' combined adjusted gross income estimated to have been allocated to the child if the parents and children were living in an intact household;

(b) Adjusts the child support based upon the needs of the children for extraordinary medical expenses and work-related child care costs;

(c) Allocates the amount of child support to be paid by each parent based upon physical care arrangements.

Thus, a parent's obligation for extraordinary medical expenses is an integral part of the child support obligation. *See In re Marriage of Aldrich*, 945 P.2d 1370 (Colo.1997); *cf. In re Morris, supra*. In our view, it is of no consequence that the spouse's obligation is to pay a debt owed to a third party. *In re Marriage of Wilson, supra*.

Accordingly, we conclude § 523(a)(5) governed the question whether husband's obligation for his share of extraordinary medical expenses was excepted from discharge in bankruptcy and, therefore, the deadline and adjudicatory procedures applicable to other dissolution obligations covered by § 523(a)(15) did not apply.

*In re Marriage of Mattson*, 694 P.2d 1285 (Colo.App.1984), does not require a different result. There, a division of this court concluded that the husband's discharge in bankruptcy precluded a judgment against him for an amount he had borrowed against the cash value of insurance policies. Thus, the issue

there was discharge of a property claim, which must be sought under § 523(a)(15), not a debt that was in the nature of support.

Similarly, the division in *In re Marriage of Hall*, 971 P.2d 677 (Colo.App.1998), addressed the issue whether the wife's obligation to make an equalizing property settlement payment was discharged when the husband failed to file a timely objection to discharge based on § 523(a)(15). Section 523(a)(15) applies to the discharge of non-support obligations imposed in connection with a dissolution of marriage. In contrast, § 523(a)(5), upon which wife relies, applies to support obligations and was not discussed in that case.

Accordingly, the letter supplied by husband did not prove that his obligation for the extraordinary medical expenses was discharged. Therefore, the trial court is directed on remand to enter judgment against husband for his share of the extraordinary medical expenses incurred on behalf of the children. Because of the disposition we have reached, we need not separately address wife's alternative argument concerning the extraordinary expenses incurred for the children after husband's bankruptcy filing.

### III.

■ Wife further asserts that the trial court erred by failing to consider whether husband was underemployed, as provided by statute, because his income was reduced by more than fifty percent after filing for bankruptcy, even though he remained in the same law firm, in the same office, and performed the same job for the same clients. We agree that this issue must be reconsidered.

■ Section 14–10–115(7)(a), CR.S.2005, defines income for purposes of calculating child support as "actual gross income of a parent, if employed to full capacity, or potential income, if unemployed or underemployed." *See People in Interest of A.R.D.*, 43 P.3d 632 (Colo.App.2001). The intent of the income imputation provision, when read as a whole and viewed in the light of the legislative history, is to impute income when a parent shirks his or her child support obligation by unreasonably forgoing higher pay-ing employment that he or she could obtain. *People v. Martinez*, 70 P.3d 474 (Colo.2003).

Whether potential income should be imputed to a parent is a question of fact, and the trial court's findings are entitled to deference on review. A trial court may interpret a parent's lack of initiative in finding or keeping work as a voluntary refusal to fulfill a support obligation and may consider whether alternative employment is available. *People v. Martinez, supra*. The statute does not require, however, that one parent prove that an available job exists for the other parent before a finding of underemployment may be made. *In re Marriage of Bregar*, 952 P.2d 783 (Colo.App.1997). In any event, the trial court must enter specific findings to inform an appellate court of the basis for its order. *See In re Marriage of Martin*, 42 P.3d 75 (Colo.App.2002).

Here, wife argued that husband was underemployed because his average monthly income substantially decreased solely as a result of his voluntary filing for bankruptcy. She relies on testimony from a senior member of the firm that husband was no longer a partner only because of the bankruptcy and that husband could return to such status "in a year or two."

In establishing child support, the trial court found that husband was the leading attorney at his law firm, in which he had been practicing as a partner for many years, and that his filing for bankruptcy triggered a clause in the partnership agreement that required his expulsion as a partner and resulted in his placement on "of counsel" status. It further found that husband's income declined from a four-year average of $34,000 per month to a figure of $14,600.

However, the trial court made no findings explicitly considering wife's argument that husband was underemployed or shirking his obligation for child support and, if so, whether the relevant factors, described in *People v. Martinez* and *In re Marriage of Bregar*, *supra*, required imputation of potential income for purposes of calculating his child support obligation.

Therefore, we conclude that a remand is necessary for the court to reconsider this

issue and enter specific findings supporting its determination.

### IV.

Wife's request for attorney fees on appeal pursuant to § 13–17–102, C.R.S.2005, is denied.

Finally, we grant husband's motion to strike wife's request for fees under § 14–10–119, C.R.S.2005, because that request was made for the first time in her reply brief. *See* C.A.R. 39.5 (party claiming attorney fees shall specifically request them, and state the legal basis therefor, in the party's principal brief in the appellate court); *In re Marriage of Tonn*, 53 P.3d 1185 (Colo.App.2002).

The portions of the judgment determining the property division and calculating husband's income and child support are vacated, and the portion of the judgment denying wife's claim for reimbursement of $3935.50 is reversed. The case is remanded to the trial court for reconsideration of the parties' arguments concerning dissipation and husband's alleged underemployment, the entry of findings and conclusions to support the court's determinations on those issues, and the entry of judgment in favor of wife for $3935.50.

Judge TAUBMAN and Judge ROY concur.