**In re the MARRIAGE OF Mabel L. WILSON, f/k/a Mabel L. Park, Appellee,**

**and**

**Edward J. Park, Appellant.**

**No. 93CA2119.**

Colorado Court of Appeals, Div. I.

Dec. 15, 1994.

Bonham, Peake & Hutchinson, Nancy J. Hutchinson, Denver, for appellee.

Gayla Reed Lindquist, Greeley, for appellant.

Opinion by Judge KAPELKE.

In this post-dissolution of marriage contempt proceeding, Edward J. Park (husband) appeals the judgment entered in favor of Mabel L. Wilson (wife) based on a debt he had been required to pay under the decree. We reverse the judgment.

Under the decree of dissolution entered in 1991, husband was obligated to pay the town of Milliken a street paving fee (the Milliken debt). Husband failed to make the payment and later filed for bankruptcy, listing the town as a creditor.

In her motion for issuance of a contempt citation, wife claimed that she had been required to borrow funds to pay the Milliken debt. She therefore requested that husband be held in contempt for his failure to pay and sought a judgment against him in the amount of the debt.

Husband contended that the Milliken debt was discharged in the bankruptcy and that, therefore, no sanction should be imposed or judgment entered against him by the trial court.

At the conclusion of the hearing, at which no evidence was presented, the trial court concluded that the Milliken debt was "in substance an order for lump sum maintenance," and the court entered judgment against husband and in favor of wife based on the amount of the debt.

Husband contends that the trial court abused its discretion in labeling the Milliken debt as lump sum maintenance in the absence of any evidence of the husband's ability to pay and without making any findings as to the wife's need for maintenance. We agree.

■ Under 11 U.S.C. § 523(a)(5) (1988), awards of maintenance for a spouse are non-dischargeable in bankruptcy. The question whether a domestic obligation is in the nature of maintenance must be determined based on federal bankruptcy standards, taking into account the substance of the obligation and the intent of the parties at the time of dissolution. *See In re Marriage of Wisdom,* 833 P.2d 884 (Colo.App.1992).

■ Here, there is no indication in the decree of dissolution itself that the parties intended husband's obligation to pay the Milliken debt to be an award of maintenance in favor of the wife, rather than a property settlement obligation which would be dischargeable. The parties' designation of the

debt is not dispositive, however, and in determining the intent of the parties and the substance of the obligation, the trial court must look beyond the language of the decree and may consider extrinsic evidence. *See In re Marriage of Wisdom, supra.*

■ A spouse's obligation in the decree to pay a debt owed to a third party can be in the nature of maintenance. *See In re Marriage of Barber,* 811 P.2d 451 (Colo.App. 1991). Moreover, an obligation to pay an assessment, such as the Milliken debt here, can be in the nature of maintenance. *See In re Marriage of Hauger,* 679 P.2d 604 (Colo. App.1984) (holding that obligation to pay water assessment fees was in the nature of maintenance).

Nevertheless, here, there was simply no evidence in the record that the parties intended that the obligation be in the nature of maintenance, and there was no evidence as to the wife's need for, or the husband's ability to pay, such maintenance.

As the United States Court of Appeals for the Tenth Circuit emphasized in *In re Sampson,* 997 F.2d 717, 723 (10th Cir.1993): "The party seeking to hold the debt nondischargeable has the burden of proving by a preponderance of the evidence that the parties intended the obligation as support and that the obligation was, in substance, support." Wife bore the burden here, and she failed to satisfy it.

In light of the lack of evidentiary support for the trial court's finding that husband's obligation to pay the street improvement debt was a nondischargeable lump sum maintenance obligation, the judgment against husband cannot stand.

Accordingly, the judgment is reversed.

METZGER and CRISWELL, JJ., concur.