In re the **MARRIAGE OF** Mary
S. **CASIAS,** Appellee,

and

**Gilbert M. Casias,** Appellant.

No. 97CA0606.

Colorado Court of Appeals,
Div. V.

Aug. 6, 1998.

Mills & Weitzenkorn, P.C., Gina B. Weitzenkorn, Denver, for Appellee.

Montano and Encinas, P.C., Duane Montano, Denver, for Appellant.

Opinion by Judge TAUBMAN.

In this dissolution of marriage proceeding between Gilbert M. Casias (husband) and Mary S. Casias (wife), husband appeals from the trial court's permanent orders pertaining to the division of property. We reverse and remand with directions.

At the time this nineteen-year marriage was dissolved, wife was 61 years old and husband was 66 years old. Nine months before the permanent orders hearing, husband was convicted of sexually assaulting wife's developmentally disabled son and the son's girlfriend. Husband received a sentence of 24 years to the Department of Corrections.

At permanent orders, the sole issue to be decided was the division of property. The primary marital assets were: (1) the equity in the marital residence, which the evidence established to be between $69,000 and $82,000; (2) a 401(k) account in wife's name totaling approximately $300,000; and (3) wife's pension with an expected benefit at retirement of approximately $1,117 per month. Husband also had a General Iron Works pension, some of which was marital property, of approximately $256 per month.

At the conclusion of the permanent orders hearing, the trial court awarded wife the marital residence but also ordered her to pay husband $32,000 representing his share of equity in the residence. The trial court then awarded wife the full amount of her 401(k) account and her entire pension. It also awarded husband his pension.

## A. Pensions

■ Husband contends that the trial court erred in failing to divide and distribute wife's pension. We agree that a remand is required for proper treatment of both wife's and husband's pensions.

■ Pension benefits are marital property and are subject to distribution upon dissolution. *In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987). There are three methods that a court may use to distribute pension benefits upon dissolution: (1) net present value; (2) deferred distribution; and (3) reserve jurisdiction. *In re Marriage of Kelm,* 912 P.2d 545 (Colo.1996); *see In re Marriage of James,* 950 P.2d 624 (Colo.App. 1997).

■ If the first method is used, the net present value of the pension is distributed immediately and offset against other property in the marital estate. *In re Marriage of Kelm, supra.*

■ Under the remaining two methods, distribution is delayed. If the deferred distribution method is employed, the trial court calculates the nonemployee's percentage share in the pension in advance of receipt of benefits. The nonemployee's share is determined by applying the "time rule" formula if and when the benefits are received. *See In re Marriage of Hunt,* 909 P.2d 525 (Colo. 1995). Alternatively, reserve jurisdiction permits a trial court to wait until the benefits are actually received and to divide them at that time.

Here, the trial court correctly concluded that wife's and husband's pensions were marital property subject to distribution. However, it did not employ any of the above-listed methods of distribution. Instead, the trial court simply awarded each spouse his and her respective pension. We conclude that, under the law established in *In re Marriage of Hunt* and *In re Marriage of Kelm,* this was error.

■ On remand, the trial court should distribute wife's pension under one of the three methods set forth in *In re Marriage of Kelm.* The trial court should also calculate the marital portion of husband's General Iron Works pension and then distribute that portion, again using one of the three accepted methods. The choice of which distribution method to employ lies within the sound discretion of the trial court. *See In re Marriage of Hunt, supra.*

If the trial court employs either the deferred distribution or reserve jurisdiction method, it must split the marital portions of each pension equally between the parties per the time rule formula set forth in *In re Marriage of Hunt* and *In re Marriage of Kelm. See In re Marriage of Heupel,* 936 P.2d 561 (Colo.1997). If, on the other hand, the trial court employs the net present value method, it may award each spouse his or her respective pension as part of its overall equitable distribution of property.

Because the cause must be remanded for a proper distribution of the pensions, the trial court should also re-examine the entire property division. *See In re Marriage of McCadam,* 910 P.2d 98 (Colo.App.1995).

## B. The 401(k) Account

Among issues that may arise on remand is husband's contention that the trial court abused its discretion in awarding the entire 401(k) account to wife. Specifically, husband argues that the trial court placed excessive emphasis on the fact that wife made all the contributions to the account. We conclude additional findings are needed.

Unlike the parties' pensions, which provide a defined monthly benefit, a 401(k) account is a defined contribution plan. With this type of retirement plan, the trial court must determine the marital interest; but, unlike with a defined benefit plan, it need not consider future appreciation. *See* B. Turner, *Equitable Distribution of Property* § 6.10 (2d ed.1994).

Here, since the trial court must reconsider the entire property division on remand, we need not specifically consider whether the trial court abused its discretion in originally awarding the entire 401(k) account to wife. However, on remand, the trial court should make additional findings to support its disposition of the 401(k) account and should not rely exclusively on the fact that wife was the sole contributor to the account. It may consider wife's monetary contributions, but should also consider husband's contributions to the marriage. *See* § 14–10–113(1)(a), C.R.S.1997.

## C. Husband's Incarceration

Husband also contends that the trial court's decision to award wife a substantial majority of the marital assets was based upon an improper consideration of husband's criminal conduct.

Although extensive testimony was presented at the permanent orders hearing about husband's conviction and incarceration, these circumstances were not mentioned in the permanent orders. Nevertheless, husband asserts that a grossly unequal division of marital property resulted from the trial court's *sub silentio* consideration of his conviction.

We are unable to ascertain whether the trial court, in dividing the property, did consider any fault associated with husband's criminal conviction.

In dividing the marital assets on remand, the trial court should be careful not to consider any marital fault or misconduct on the part of husband. *See* § 14–10–113(1), C.R.S. (1997) (requiring the trial court to divide the marital property without regard to marital misconduct); *In re Marriage of Gallo,* 752 P.2d 47 (Colo.1988). However, in reaching an equitable property division, the trial court may consider any economic circumstances resulting from husband's criminal conviction and incarceration, including husband's substantially reduced financial needs to meet living expenses relative to those of wife. *See Hebert v. Hebert,* 475 A.2d 422 (Me.1984) (trial court's reference to husband's criminal conviction and incarceration was not improper consideration of fault or misconduct but rather a proper consideration of husband's present economic circumstances including his lack of living expenses); see also B. Turner, *supra,* at § 6.11 (even if court dividing the marital estate is not permitted to consider the moral or social impact of a party's conduct during the marriage, it may consider the economic consequences of such conduct).

The parties disagree regarding which factor—the parties' contributions or their current economic circumstances—is more significant in achieving an equitable property division. Relying on § 14–10–113(1)(a), C.R.S.1997, husband argues that he

contributed substantially to the marital estate and is entitled to a more equal share of its proceeds. Conversely, relying on § 14–10–113(1)(c), C.R.S.1997, wife asserts that the trial court's primary focus should be the current economic circumstances of the parties, and particularly husband's minimal financial needs resulting from his incarceration.

We acknowledge the tension that exists between these two factors under the circumstances of this case. The weighing of the factors set forth in § 14–10–113 is within the sound discretion of the trial court. On remand, the trial court should make specific findings concerning these and any other factors that form the basis for its property division. *See In re Marriage of Piper,* 820 P.2d 1198 (Colo.App.1991) (trial court must make findings reflecting its consideration of statutory factors).

The judgment is reversed, and the cause is remanded with directions that the trial court enter a new property division consistent with the views expressed in this opinion.

ROY and VOGT, JJ., concur.