**In re the Marriage of Cecil B. MOREHOUSE, Jr., Appellant,**

**and**

**Alice B. Morehouse, Appellee.**

**No. 03CA2525.**

Colorado Court of Appeals, Div. II.

Feb. 24, 2005.

Ronald A. White, Aurora, Colorado, for Appellant.

Barbara Quade, P.C., Barbara Quade, Denver, Colorado, for Appellee.

RUSSEL, J.

Cecil B. Morehouse, Jr. (husband) appeals from permanent orders entered after the dissolution of his marriage to Alice B. Morehouse (wife). We reverse and remand.

Husband and wife were married for fourteen years. In 2003, the trial court dissolved the marriage and divided the marital property, which included real estate, cars, bank accounts, stocks, and retirement accounts.

In dividing the marital property, the court considered, as "economic circumstances," the value of husband's anticipated Social Security retirement benefits. The court listed the future Social Security benefits among the marital assets and assigned the value of those benefits to husband. The court awarded other assets to wife and divided the remaining assets equally between the parties. After calculating the total value of the property awarded to each party, the court determined that wife's share exceeded that of husband by $341,710. The court then ordered wife to pay husband $170,855, so that the property division would be equal.

The court also ordered husband to pay a portion of wife's attorney fees and denied wife's request for maintenance.

### I.  Social Security Benefits

■  Husband contends that the trial court impermissibly distributed his anticipated Social Security retirement benefits in violation of federal law. We agree that the division of property must be reconsidered on remand.

### A.  Offset of Benefits

The anti-assignment clause of the Social Security Act provides, in pertinent part:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

■  This statute serves to prevent a divorced spouse from reaching the other spouse's Social Security benefits through legal proceedings. *See In re Marriage of James,* 950 P.2d 624, 628–29 (Colo.App.1997) (citing *Olson v. Olson,* 445 N.W.2d 1, 5 (N.D. 1989)). Accordingly, a trial court cannot distribute or divide Social Security benefits as marital property. *In re Marriage of James, supra,* 950 P.2d at 629.

Husband acknowledges that the trial court did not directly divide his Social Security retirement benefits. But he contends that the court's order nevertheless amounted to an impermissible distribution of these benefits. Husband notes that the court awarded

marital property to wife so as to account exactly for the net present value of his anticipated benefits. And he argues that this constitutes an offset—an indirect division of benefits—in violation of the anti-assignment clause. *See In re Marriage of James, supra,* 950 P.2d at 629 (Social Security benefits may not be used as an offset in dividing marital property).

Wife contends that the trial court's ruling reflects a proper consideration of the "economic circumstances of each spouse" under § 14–10–113(1)(c), C.R.S.2004. She argues that a trial court may account for the value of Social Security benefits by adjusting the other spouse's share of the marital property. *See Cornbleth v. Cornbleth,* 397 Pa.Super. 421, 427, 580 A.2d 369, 372 (1990) (to balance the exemption that applies to one spouse's Social Security pension, the court should treat a portion of the other spouse's state pension as exempt from distribution); *accord Kelly v. Kelly,* 198 Ariz. 307, 9 P.3d 1046 (2000).

We conclude that the trial court employed an improper offset of husband's Social Security benefits. The court listed husband's Social Security benefits among the marital property, and its final distribution accounted precisely for the net value of these benefits. The order is similar to the one invalidated in *In re Marriage of Swan,* 301 Or. 167, 720 P.2d 747 (1986). Thus, the court violated the anti-assignment clause of the Social Security Act and the Supremacy Clause of the United States Constitution. *See In re Marriage of James, supra.*

Accordingly, this case must be remanded for a new division of marital property under § 14–10–113, C.R.S.2004.

## B. Benefits as an Economic Circumstance

■ We now address a question that will likely arise on remand: To what extent may a trial court consider Social Security benefits when dividing marital property?

No Colorado appellate court has addressed this question directly. Although a division of this court has stated that Social Security payments may be considered as an economic circumstance under § 14–10–113(1)(c), it did not address how such benefits may be considered without running afoul of federal law. *See In re Marriage of Simon,* 856 P.2d 47, 51 (Colo.App.1993).

There is an obvious tension between a trial court's duty to achieve a just resolution under state law and the strictures of the anti-assignment clause. Courts may fail to achieve just results if they must ignore one party's Social Security benefits, especially when the other party's pension will be treated as marital property. But courts cannot circumvent the anti-assignment clause by distributing property so as to compensate for the value of exempt benefits. *In re Marriage of James, supra; Olson v. Olson, supra.*

Some courts have resolved this tension by concluding that Social Security benefits cannot be considered at all:

> Instructing a trial court to "consider" Social Security benefits, as the appellate court did in this case, either causes an actual difference in the asset distribution or it does not. If it does not, then the "consideration" is essentially without meaning. If it does, then the monetary value of Social Security benefits the spouse would have received is taken away from that spouse and given to the other spouse to compensate for the anticipated difference. This works as an offset meant to equalize the property distribution.

*In re Marriage of Crook,* 211 Ill.2d 437, 451, 286 Ill.Dec. 141, 813 N.E.2d 198, 205 (2004); *see also Wolff v. Wolff,* 112 Nev. 1355, 929 P.2d 916 (1996).

However, more courts have concluded that anticipated Social Security benefits may be considered a relevant circumstance in achieving an equitable distribution of marital property:

> We see a crucial distinction between: (1) adjusting property division so as to indirectly allow invasion of benefits; and (2) making a general adjustment in dividing marital property on the basis that one party, far more than the other, can reasonably expect to enjoy a secure retirement. It should not invalidate a property division if a disproportionate expectation regarding social security benefits is acknowledged in the court's assessment of the equities.

*In re Marriage of Boyer,* 538 N.W.2d 293, 296 (Iowa 1995); *see also In re Marriage of Brane,* 21 Kan.App.2d 778, 908 P.2d 625 (1995); *Pongonis v. Pongonis,* 606 A.2d 1055 (Me.1992); *Mahoney v. Mahoney,* 425 Mass. 441, 681 N.E.2d 852 (1997); *Rudden v. Rudden,* 765 S.W.2d 719 (Mo.Ct.App.1989); *Eickelberger v. Eickelberger,* 93 Ohio App.3d 221, 638 N.E.2d 130 (1994); *Holland v. Holland,* 403 Pa.Super. 116, 588 A.2d 58 (1991); *In re Marriage of Zahm,* 138 Wash.2d 213, 978 P.2d 498 (1999).

We agree with the majority view that a court may consider Social Security benefits without violating federal law.

In Colorado, a trial court must consider all relevant factors to achieve an equitable, but not necessarily equal, distribution. *See* § 14–10–113(1), C.R.S.2004 (court shall divide property "as the court deems just after considering all relevant factors"); *In re Marriage of Antuna,* 8 P.3d 589, 594 (Colo.App. 2000) (division of property must be equitable, but need not be equal). That one spouse is likely to receive Social Security benefits is a relevant economic circumstance—similar to the fact that a spouse has an inheritance or a greater earning capacity—which may justify an unequal distribution of marital property in the interests of justice. *See In re Marriage of Brane, supra,* 21 Kan.App.2d at 782, 908 P.2d at 628 (because Kansas law requires an equitable, but not necessarily equal, division of marital property, courts may consider Social Security benefits without violating anti-assignment clause).

Thus, while a trial court may not distribute marital property to offset the computed value of Social Security benefits, it may premise an unequal distribution of property—using, for example, a 60–40 formula instead of 50–50—on the fact that one party is more likely to enjoy a secure retirement. We will not presume that an unequal distribution reflects an impermissible offset of Social Security benefits, especially when the distribution is justified by a combination of factors. *See In re Marriage of Boyer, supra,* 538 N.W.2d at 296.

## II. Other Issues

Husband contends that the trial court abused its discretion in failing to consider wife's condominium and her 2002 BMW as relevant economic circumstances in dividing the marital property. We need not address this contention because the trial court must reconsider all relevant economic circumstances when it divides the marital property on remand. *In re Marriage of Wells,* 850 P.2d 694, 697 (Colo.1993). Relevant circumstances may include the value of wife's separate property. *See In re Marriage of Balanson,* 25 P.3d 28 (Colo.2001).

Similarly, the trial court must reconsider on remand (1) the order requiring husband to pay a portion of wife's attorney fees, and (2) the order denying maintenance to wife. These issues are inextricably intertwined with the division of property. *In re Marriage of Lewis,* 66 P.3d 204, 207 (Colo.App. 2003) (court must reconsider attorney fees on remand); *In re Marriage of Simon, supra,* 856 P.2d at 51 (court must reconsider maintenance on remand).

The judgment is reversed, and the case is remanded for a new order regarding the division of marital property, maintenance, and attorney fees.

Judge ROTHENBERG and Judge TAUBMAN concur.