**In re the MARRIAGE OF Herbert L. ANDERSON, Appellant,**

**and**

**Marilyn D. Anderson, Appellee.**

**No. 09CA2592.**

Colorado Court of Appeals, Div. II.

Dec. 23, 2010.

---

§ 24–51–1105, C.R.S.2010.

Antolinez Miller, LLC, Joseph H. Antolinez, Melissa E. Miller, Littleton, Colorado, for Appellant.

Paul A. Frederiksen, Englewood, Colorado, for Appellee.

Opinion by Judge GABRIEL.

In this post-dissolution of marriage matter, Herbert L. Anderson (husband) appeals from the district court's order denying his motion to set aside or modify certain property division provisions of the decree entered in conjunction with the dissolution of his marriage to Marilyn D. Anderson (wife). As a matter of first impression in Colorado, we hold, consistently with the decisions of apparently all other state courts to have addressed this issue, that the settlement agreement provision that was incorporated into the decree and required husband to pay part of his future Social Security benefits to wife was void. We further hold that, because of the Supremacy Clause implications, husband was not barred by the principles of equitable estoppel from challenging the void judgment. We reject, however, husband's contention that the district court erred in affirming the magistrate's ruling that his periodic payments to wife for health insurance or health care were part of the property division, rather than maintenance. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

The parties dissolved their marriage in 1994. Their separation agreement, which the court incorporated into the decree, provided, in relevant part:

> As a provision of property settlement and not as spousal support, when the parties begin to receive benefits from Social Secu-

rity after age sixty-five (65), [husband] shall pay to [wife] a monthly sum of Two Hundred Twenty–Five and no/100 Dollars ($225.00) from his Social Security benefits. In the future, this amount will be increased or decreased by an amount equal to fifty percent (50%) of any increase or decrease in [husband's] Social Security benefits. [Husband] will file to begin receiving Social Security benefits on or before March 1, 1994.

. . . .

As a provision of property settlement and not as spousal support, [husband] will pay a monthly sum not to exceed, nor less than, One Hundred Fifty Dollars ($150.00) for [wife] to provide for her own health insurance and/or health care.

In 2008, husband moved to set aside these provisions pursuant to C.R.C.P. 60(b), or in the alternative to modify them pursuant to section 14–10–122(1)(a), C.R.S.2010. A district court magistrate denied C.R.C.P. 60(b) relief but set a hearing concerning the alternative motion for modification. Thereafter, the magistrate denied that motion. Husband then petitioned for review of the magistrate's orders pursuant to C.R.M. 7(a), and the district court affirmed.

Husband now appeals.

## II. Social Security Benefits

Husband first contends that the district court erred in denying him relief under C.R.C.P. 60(b) from the provision of the decree requiring him to pay part of his future Social Security benefits to wife. We agree.

■ We review the district court's decision as to whether to grant relief under C.R.C.P. 60(b) for an abuse of discretion. *See SR Condos., LLC v. K.C. Constr., Inc.,* 176 P.3d 866, 868 (Colo.App.2007). We review de novo, however, whether the decree provision requiring husband to pay part of his future Social Security benefits to wife conflicts with the Social Security Act and thereby violates the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2. *See Kohn v. Burlington N. & Santa Fe R.R.,* 77 P.3d 809, 811 (Colo.App. 2003) ("Federal preemption is a question of

law subject to de novo review by this court.").

### A. Violation of the Social Security Act

The anti-assignment clause of the Social Security Act provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a) (2010).

■ This provision "imposes a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex Cnty. Welfare Bd.,* 409 U.S. 413, 417, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). Thus, a state court in a dissolution proceeding cannot distribute or divide a spouse's future Social Security benefits as marital property. *In re Marriage of Morehouse,* 121 P.3d 264, 265 (Colo.App.2005); *In re Marriage of James,* 950 P.2d 624, 628–29 (Colo. App.1997). Nor may a court employ an indirect offset, as a part of the overall marital property distribution, to account for the value of a spouse's Social Security benefits. *See Morehouse,* 121 P.3d at 266; *James,* 950 P.2d at 629. An exception to this rule is set forth in 42 U.S.C. § 659(a) (2010), which allows Social Security benefits to be taken for the payment of child support or maintenance.

■ The issue presented here, namely, whether spouses may contract between themselves as part of the property division in a marriage dissolution to require payment of one spouse's future Social Security benefits to the other, is an issue of first impression in Colorado. Other jurisdictions that have considered this issue, however, appear to have held uniformly that a settlement agreement provision that distributes future Social Security benefits as marital property is void because it violates the anti-assignment provision of the Social Security Act. *See, e.g., Gentry v. Gentry,* 327 Ark. 266, 938 S.W.2d 231, 232–33 (1997); *In re Marriage of Hul-*

*strom*, 342 Ill.App.3d 262, 276 Ill.Dec. 730, 794 N.E.2d 980, 986 (2003); *Boulter v. Boulter*, 113 Nev. 74, 930 P.2d 112, 114 (1997); *Simmons v. Simmons*, 370 S.C. 109, 634 S.E.2d 1, 4 (S.C.Ct.App.2006); *see also United Student Aid Funds, Inc. v. Espinosa*, —— U.S. ——, ——, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010) (judgment void when, among other things, court lacked jurisdiction to enter it); *Osband v. United Airlines, Inc.*, 981 P.2d 616, 619 (Colo.App.1998) ("If federal law preempts state law, the state trial court lacks subject matter jurisdiction to hear a claim."). For the reasons that follow, we view these authorities as persuasive and thus hold that the separation agreement provision requiring husband to pay part of his future Social Security benefits to wife is void.

■ Applying the Supremacy Clause, state courts have consistently held that the Social Security Act precludes them from treating Social Security benefits as property. *See, e.g., Simmons*, 634 S.E.2d at 3–4 (collecting cases). Thus, state courts lack subject matter jurisdiction to divide parties' Social Security benefits in a property distribution. *See James*, 950 P.2d at 629; *accord Gentry*, 938 S.W.2d at 232–33; *Boulter*, 930 P.2d at 114; *Simmons*, 634 S.E.2d at 4. Moreover, as various courts have observed, and we agree, the thrust of those cases holding that the Social Security Act preempts state courts from transferring benefits as property is that state courts are without power to enforce private agreements dividing future payments of Social Security benefits when those agreements violate the prohibition against transfer or assignment of future benefits. *Simmons*, 634 S.E.2d at 4; *accord Gentry*, 938 S.W.2d at 232.

### B. Wife's Contentions

Notwithstanding the foregoing, wife contends that (1) the division of benefits here was a voluntary agreement to divide the benefits once they were received, and not an agreement dividing future Social Security benefits; (2) once such benefits were paid to husband, he was entitled to do with them as he pleased; (3) the magistrate here did not directly or indirectly distribute the Social Security benefits as part of the overall property distribution but merely considered them as a relevant economic circumstance; and (4) principles of equitable estoppel bar husband from challenging the decree. We reject each of these contentions in turn.

First, contrary to wife's assertion, the parties' agreement clearly and unambiguously provided for the transfer of *future* and *as yet unpaid* Social Security benefits from husband to wife. Thus, the agreement constituted a transfer of husband's rights to future benefits in violation of 42 U.S.C. § 407(a), and the district court lacked jurisdiction to enforce it. *See Boulter*, 930 P.2d at 114–15 (rejecting a wife's argument that a division of Social Security benefits was an enforceable agreement between two private individuals to divide the benefits once they were received, as opposed to an agreement dividing future benefits); *accord Gentry*, 938 S.W.2d at 232–33; *Simmons*, 634 S.E.2d at 4–5.

Second, the fact that the parties' agreement was entered into voluntarily is immaterial. "Congress' clear and stringent interpretation of the prohibition on transfer or assignment of benefits in [42 U.S.C. § 407(b) ] . . . compels us to strictly interpret that clause to prohibit voluntary as well as involuntary transfers or assignments." *Ellender v. Schweiker*, 575 F.Supp. 590, 599 (S.D.N.Y.1983); *accord Boulter*, 930 P.2d at 114–15; *Simmons*, 634 S.E.2d at 5.

■ Third, contrary to wife's assertions, the magistrate here did not merely consider husband's future Social Security benefits as a financial circumstance when dividing the marital property.

[W]hile a trial court may not distribute marital property to offset the computed value of Social Security benefits, it may premise an unequal distribution of property—using, for example, a 60–40 formula instead of 50–50—on the fact that one party is more likely to enjoy a secure retirement. We will not presume that an unequal distribution reflects an impermissible offset of Social Security benefits, especially

when the distribution is justified by a combination of factors.

*Morehouse,* 121 P.3d at 267.

Here, however, the decree required husband to pay "from" his future Social Security benefits a particular amount to wife, and the amount was subject to future increases or decreases as husband's benefits increased or decreased. Such a direct payment from future Social Security benefits is precisely what the Social Security Act prohibits, and we reject wife's characterization of the decree as reflecting only the magistrate's consideration of husband's future benefits as a "relevant economic circumstance." *Id.*

■ Finally, with respect to wife's assertion that principles of equitable estoppel bar husband's challenge here, we initially note that under C.R.C.P. 60(b)(3), a court may relieve a party from a void judgment. *See SR Condos.,* 176 P.3d at 869. Although a C.R.C.P. 60(b) motion generally must be made "within a reasonable time," a void judgment can be attacked at any time. *See Flavell v. Dep't of Welfare,* 144 Colo. 203, 206, 355 P.2d 941, 943 (1960); *Hancock v. Boulder Cnty. Pub. Tr.,* 920 P.2d 854, 858 (Colo.App. 1995).

Notwithstanding the foregoing, our supreme court has held that the doctrine of estoppel may apply in certain circumstances to prevent a party from challenging a judgment as void based on the issuing court's lack of jurisdiction. Thus, in *Estate of Lee v. Graber,* 170 Colo. 419, 426–27, 462 P.2d 492, 495–96 (1969), *abrogated on other grounds by Taylor v. Canterbury,* 92 P.3d 961 (Colo. 2004), the court refused to allow a petitioner to challenge a county court's judgment for lack of jurisdiction when the petitioner not only acquiesced in that court's jurisdiction but also sought out and invoked it. In these circumstances, the court held that the petitioner could not be heard, years later when he became dissatisfied with the result, to attack the county court's judgment on the grounds of lack of jurisdiction. *Id.* at 427, 462 P.2d at 496. *But see Menzel v. Niles Co.,* 86 Colo. 320, 324, 281 P. 364, 365 (1929) ("A contract which is contrary to public policy is void because it *is contrary* to public policy, and neither party to the contract is estopped from questioning it merely because the other party has parted with a property right or rendered service in reliance upon it."); *Harding v. Heritage Health Prods. Co.,* 98 P.3d 945, 949 (Colo.App.2004) ("[E]quitable doctrines may not be used to enforce an illegal or void agreement.").

■ *Estate of Lee,* however, is distinguishable from the instant case, because that case did not involve a judgment that was void under the Supremacy Clause. Cases addressing the question of whether equitable estoppel principles can be applied to bar a challenge to a judgment that is void under the Supremacy Clause appear to be uniform in holding that such principles cannot be so applied. *See, e.g., Allen v. State,* 203 P.3d 1155, 1164 (Alaska 2009) (in a case in which a state agency sought to recoup an overpayment of food stamp benefits, the court rejected the recipient's equitable estoppel argument, holding that applying estoppel principles would conflict with federal food stamp law, which expressly allowed states to recoup overpayments); *see also Ridgway v. Ridgway,* 454 U.S. 46, 60, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) (refusing to impose a constructive trust on certain insurance proceeds when that equitable remedy would conflict with the anti-attachment provision of the Servicemen's Group Life Insurance Act); *cf. Mississippi Power & Light Co. v. Mississippi ex rel. Moore,* 487 U.S. 354, 376 n. 14, 108 S.Ct. 2428, 101 L.Ed.2d 322 (1988) ("Representations in state proceedings, even ones that were false when made, cannot subvert the operation of the Supremacy Clause.").

In this regard, *Hulstrom,* 276 Ill.Dec. 730, 794 N.E.2d at 982–89, is directly on point. In that case, a husband and wife agreed in a dissolution proceeding to pool and then divide equally their Social Security benefits. *Id.* at 982. The husband there, like husband here, later sought to modify the agreement because of his declining health and financial circumstances. *Id.* The wife responded, as does wife here, that the husband's petition was barred on equitable estoppel grounds, because she had relied on the agreement for many years. *See id.* at 988. The court

rejected this argument, holding that although the parties had performed under their agreement for eight years, estoppel principles did not bar the husband from attacking the validity of the marital property division as void. *Id.* In so holding, the court distinguished a prior case that had precluded on equitable estoppel grounds a challenge to a trial court's jurisdiction, noting that the case before it, unlike the prior case, involved the division of Social Security benefits and thus implicated the Social Security Act and, in turn, the Supremacy Clause. *Id.*

Although we are sympathetic to wife's position here, we agree with those cases holding that state law equitable estoppel principles cannot be applied to bar a party from challenging a judgment rendered void by the Supremacy Clause. To apply such principles in that context would itself violate the Supremacy Clause. *See Allen,* 203 P.3d at 1164.

For these reasons, we conclude that the district court erred in denying husband relief from the provision of the decree requiring him to pay part of his future Social Security benefits to wife. Accordingly, we are constrained to remand this case with directions that the district court reconsider the entire 1994 property division, recognizing that the passage of time and the parties' long adherence to the decree will undoubtedly, and unfortunately, present the district court with a difficult task. *See In re Marriage of Casias,* 962 P.2d 999, 1002 (Colo.App.1998) (stating that an error in the division of one asset requires reconsideration of the entire property division); *see also Hulstrom,* 276 Ill.Dec. 730, 794 N.E.2d at 989 ("We acknowledge that the passage of time and the parties' adherence to the original defective judgment will complicate an equitable division of the marital property, but we conclude that a remand is nevertheless necessary because the original property division is void and an affirmance would perpetuate the error contrary to the mandate of the Social Security Act."). In reconsidering the property division, the court must consider the parties' economic circumstances at the time of the remand hearing. *See In re Marriage of Wells,* 850 P.2d 694, 696–99 (Colo.1993).

### III. Periodic Payments Toward Wife's Health Care Expenses

■ Husband next contends that the district court erred in affirming the magistrate's finding that the monthly payment to wife for her health insurance or health care was in the nature of property division, which is modifiable only if the court finds that conditions exist to justify reopening a judgment, rather than maintenance, which is modifiable under section 14–10–122(1)(a). We disagree.

■ The characterization of periodic payments in a separation agreement as maintenance or property division for purposes of modification should be based on the purpose of the payments as determined by the totality of the circumstances. *Sinn v. Sinn,* 696 P.2d 333, 336 (Colo.1985). "If the payments are specified to accomplish a just apportionment of marital property over time, they are in the nature of property division. If they are for spousal support, they constitute maintenance." *Id.* The parties' designation of an obligation as either maintenance or property division is not alone dispositive, and in determining the intent of the parties and the substance of the obligation, the court must look beyond the language used and may consider extrinsic evidence. *In re Marriage of Wilson,* 888 P.2d 365, 366–67 (Colo.App. 1994); *In re Marriage of Wisdom,* 833 P.2d 884, 889 (Colo.App.1992). Nonetheless, the language that the parties use is ordinarily the best indication of their intent. *Hulstrom,* 276 Ill.Dec. 730, 794 N.E.2d at 985.

Here, the parties unequivocally stated in the agreement that the payments were to be characterized as property settlement and not maintenance. Moreover, our review of the record has revealed no evidence demonstrating that the parties or the court, in approving the agreement, intended this obligation as maintenance, particularly when, as here, both parties expressly waived maintenance in their agreement. *See Wilson,* 888 P.2d at 367 (reversing district court's characterization of an obligation to pay a particular debt as maintenance, rather than property division, when there was no evidence in the record that the parties intended the obligation to be in the nature of maintenance).

Indeed, husband testified that at the time the agreement was drafted, he thought it was "okay" to characterize the payments as property division rather than maintenance.

Accordingly, we conclude that the district court did not err in affirming the magistrate's ruling that these payments were part of the property division, as opposed to maintenance.

### IV.   Conclusion

For these reasons, the portion of the district court's order denying husband relief from the decree provision requiring him to pay part of his future Social Security benefits to wife is reversed, and the case is remanded for reconsideration of the marital property division as provided herein.   In all other respects, the order is affirmed.

Judge ROY and Judge HAWTHORNE concur.