25CA1883 Marriage of Scott 06-04-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1883
El Paso County District Court No. 17DR2901
Honorable Sherri Gryboski, Judge

---

In re the Marriage of

Jordan Marc Scott,

Appellant,

and

Crystal Renee Scott n/k/a Crystal Renee Richmond,

Appellee.

---

APPEAL DISMISSED IN PART
AND ORDERS AFFIRMED

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 4, 2026

---

Jordan Marc Scott, Pro Se

No Appearance for Appellee

¶ 1      Jordan Marc Scott (father) appeals several post-decree orders related to Crystal Renee Scott n/k/a Crystal Renee Richmond's (mother) motion concerning parenting time disputes under section 14-10-129.5, C.R.S. 2025. We dismiss the appeal in part and affirm the orders.

## I.     Relevant Facts

¶ 2      In the 2018 permanent orders, the district court adopted the parties' parenting plan for their two children.

¶ 3      Thereafter, mother sought abduction prevention measures under section 14-13.5-108, C.R.S. 2025, or, in the alternative, "protective orders." In her motion seeking this relief, mother alleged that father was planning to travel with the children out of state during his parenting time.

¶ 4      In November 2019, after finding that father wasn't a risk to abduct the children, the district court denied mother's section 14-13.5-108 request. However, to "add stability to the children's lives" given the parties' "extraordinarily high [level] [of] conflict," the court ordered that in the future each party must provide the other party thirty days' notice and a complete itinerary when traveling with the children out of state.

¶ 5     In a January 2021 order, the district court named mother the children's primary residential parent and sole decision-maker and reiterated the November 2019 notice and travel itinerary requirement.

¶ 6     In February 2022, the district court clarified its prior orders regarding how the children's extraordinary medical expenses would be handled. The court ordered mother to give father proof of payment within thirty days, and then he had thirty days to reimburse her his half of the medical expense. Moreover, the court found that father seemed to be looking for any reason to avoid paying his share of the expenses and stated that mother didn't have to provide him with an explanation of benefits.

¶ 7     Two years later, mother filed a motion concerning parenting time disputes under section 14-10-129.5, alleging that father had failed to comply with the notice and travel itinerary requirement on ten occasions. She also alleged that he had failed to reimburse her for the children's extraordinary medical expenses and requested that he be required to post a bond to secure future payments under section 14-10-118, C.R.S. 2025.

¶ 8     In early 2025, the district court held a hearing on mother's motion. Following the close of the evidence, the court entered oral findings of fact and conclusions of law and directed mother to submit a proposed order.

¶ 9     Father objected to the proposed order. Because it contained several errors, he insisted that the district court order that the hearing transcript be prepared.

¶ 10    In a separate motion, father sought sanctions against mother, reasserting a previously rejected argument that she had failed to immediately serve him with a copy of a subpoena duces tecum that she served on Mountain Springs Church. He asked that the district court "disqualif[y]" any documents obtained from that subpoena even though those documents had already been admitted at the hearing. The subpoenaed documents concerned a January 2025 church retreat that mother alleged father took with the children without providing her with an itinerary.

¶ 11    On June 16, 2025, the district court issued its section 14-10-129.5 written order without the transcript, noting the urgency created by the parties' ongoing conflict. The court indicated that it took father's objections into consideration, reviewed the record, and

3

examined its notes. The court found that father had violated the January 2021 order on "multiple occasions" by not providing mother with itineraries when traveling with the children. Under section 14-10-129.5(4) and section 13-17-101, C.R.S. 2025, the court awarded mother her attorney fees. Acknowledging father's objection to the amount of attorney fees requested, the court set an evidentiary hearing.

¶ 12 The district court further found that father had violated the February 2022 order by not reimbursing mother half of the children's extraordinary medical expenses and ordered that he post a $4,500 bond as security for future payments.

¶ 13 In a separate order issued that same day, the district court denied father's motion for sanctions, concluding that he hadn't shown any prejudice from mother's ten-day delay in giving him the subpoena duces tecum.

¶ 14 Father filed two post-trial motions: (1) a C.R.C.P. 60(b)(4) motion "to vacate the parental abduction prevention measures ordered on November 1, 2019, and continued in subsequent orders, as void judgments that exceed the [c]ourt's statutory authority under C.R.S. § 14-13.5-108"; and (2) a C.R.C.P. 59(a)(2) motion for

judgment notwithstanding the verdict.  On September 15, 2025, the district court denied those motions.

¶ 15  On July 7, 2025, the district court added more findings to its June 16 order denying father's motion for sanctions.  The court mentioned that the subpoenaed Mountain Springs Church documents were excluded from evidence.  Following that, father moved for reconsideration under C.R.C.P. 59(a), reminding the court that those documents had in fact been admitted over his objection.  On September 22, 2025, the court denied the motion.

¶ 16  Mother filed a motion for "judicial relief," asserting that father's abusive litigation forced her to incur more than $125,000 in legal expenses over the past eight years.  The district court ordered that she was relieved from filing a response to father's motions unless directed by the court.

¶ 17  Before mother's attorney fee award was resolved, father filed a notice of appeal.  He challenges

- the June 16, 2025, order denying his motion for sanctions along with the September 22, 2025, order denying his motion for reconsideration of the July 7, 2025, order, which supplemented the June 16 order;

- the September 15, 2025, order denying his C.R.C.P. 60(b)(4) motion to vacate; and

- the September 15, 2025, order denying his C.R.C.P. 59(a)(2) motion for judgment notwithstanding the verdict.

## II.   Motion for Sanctions

¶ 18    Father contends that the district court erred by denying his motion for sanctions based on mother's failure to immediately serve him with the copy of the Mountain Springs Church subpoena duces tecum.  We disagree.

¶ 19    We review a district court's decision to impose sanctions for discovery violations for an abuse of discretion.  *See In re Marriage of Ensminger*, 209 P.3d 1163, 1165 (Colo. App. 2008) (decision to award attorney fees under section 13-17-102 for discovery abuses reviewed for abuse of discretion); *In re Marriage of Emerson*, 77 P.3d 923, 927 (Colo. App. 2003) (magistrate had broad discretion in awarding and determining the nature of sanctions for discovery violations).  A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misapprehension of the law.  *See Cath. Health Initiatives Colorado v. Earl Swensson Assocs., Inc.*, 2017 CO 94, ¶ 8.

¶ 20    C.R.C.P. 45(a)(5) provides that "immediately" following service of a subpoena, the party or attorney who issues the subpoena, must serve a copy of the subpoena on all parties.

¶ 21    At the hearing, father said that mother didn't immediately serve him with a copy of the subpoena duces tecum issued to Mountain Springs Church. He recalled that he was served the subpoena along with the documents ten days after service on Mountain Springs Church. He objected to the admission of the subpoenaed documents on the basis that mother didn't notify him in time to object to the subpoena. Over his objection, the district court admitted the documents.

¶ 22    After the oral ruling but before the district court issued its written order, father moved for sanctions. He maintained that mother violated C.R.C.P. 45(a)(5) and that he was unable to object to the subpoena.

¶ 23    The district court denied the motion, concluding that father failed to show how he was prejudiced by mother serving him with a copy of the subpoena ten days after it was served on Mountain Springs Church. The court later supplemented this order with additional findings.

¶ 24     True, C.R.C.P. 45(a)(5) requires prompt service. But reversal of the court's sanctions order requires a showing of prejudice. *See People in Interest of A.C.*, 170 P.3d 844, 845 (Colo. App. 2007) (an alleged error, without an allegation of prejudice, was not a ground for reversal); *see also* C.A.R. 35(c) (requiring the reviewing court to disregard any errors in court proceedings that do not affect the substantial rights of the parties).

¶ 25     In his motion, father claimed prejudice because he was unable to object to the subpoena under C.R.C.P. 45(d). He represented, however, that he had received the subpoena and the responsive documents nearly a month before the hearing and had the opportunity to object to the subpoena, which he did. Plus, father didn't identify any specific ground on which he could have successfully moved to quash the subpoena, like privilege.

¶ 26     Although the district court incorrectly stated that the subpoenaed documents were excluded, that error doesn't require reversal. The remaining evidence independently supported the court's finding that father didn't comply with the notice and travel itinerary requirement on numerous occasions. *See In re Marriage of Adamson*, 626 P.2d 739, 741 (Colo. App. 1981) (evidentiary ruling

was not reversible error where other cumulative evidence supported the judgment).  And we reject his related argument that the error "reflects a broader pattern of unequal enforcement" because the court, among other things, granted mother's request for judicial relief, allowed her attorney to withdraw, and imposed no sanctions when her attorney failed to appear at a hearing.  This is because adverse legal rulings, standing alone, don't establish grounds for prejudice or bias.  *In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007); *see People v. Schupper*, 124 P.3d 856, 859 (Colo. App. 2005) (the propriety of a district court's rulings, whether right or wrong, is not relevant in determining recusal issues), *aff'd*, 157 P.3d 516 (Colo. 2007).

¶ 27    Father's reliance on C.R.C.P. 45(c)(1) is misplaced.  That rule addresses sanctions for imposing an undue burden on the subpoenaed party, not for delayed notice to an opposing party.

¶ 28    In sum, the district court didn't abuse its discretion by denying father's motion for sanctions based on lack of prejudice to him.  *See Ensminger*, 209 P.3d at 1165; *Emerson*, 77 P.3d at 927.

### III.  Post-Trial Motions

#### A.  Motion to Vacate Under C.R.C.P. 60(b)(4)

¶ 29    Father contends that the district court erred by denying his motion to vacate the November 2019 order requiring each party to provide the other with a travel itinerary, as well as the subsequent orders continuing that requirement.  Specifically, he argues that the court should have treated his motion as one under C.R.C.P. 60(b)(3) rather than C.R.C.P. 60(b)(4).

¶ 30    With certain exceptions not applicable here, we review the district court's decision whether to grant relief under C.R.C.P. 60(b) for an abuse of discretion.  *In re Marriage of Anderson,* 252 P.3d 490, 493 (Colo. App. 2010).  The movant bears the burden of establishing the grounds for relief by "clear, strong and satisfactory proof."  *Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982) (quoting *Riss v. Air Rental, Inc.*, 315 P.2d 820, 821 (Colo. 1957)). *see also Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 315 (Colo. 2010).

¶ 31    Father didn't raise a C.R.C.P. 60(b)(3) argument in the district court.  Instead, he referenced C.R.C.P. 60(b)(4), cited its legal standard, and requested relief on that basis.  Because a Rule

10

60(b)(3) challenge wasn't raised below, it's not preserved for our review. *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010).

¶ 32     Still, father says that as a pro se party we should liberally construe his motion as one under C.R.C.P. 60(b)(3). We decline to do so because liberal construction of pro se pleadings doesn't include considering arguments that weren't preserved. *See Anderson v. Shorter Arms Invs., LLC*, 2023 COA 71, ¶ 25.

¶ 33     As part of this contention, father asserts that in resolving mother's section 14-10-129.5 motion, the district court clearly erred by finding that "neither party requested that previous orders be modified." We discern no error. The record reflects that mother didn't ask the court to modify the prior orders pursuant to section 14-10-129.5(2)(b).

### B.     Motion for Judgment Notwithstanding the Verdict Under C.R.C.P. 59(a)(2)

¶ 34     Father contends that the district court erred in several ways when denying his motion for judgment notwithstanding the verdict. We reject each contention in turn below.

### 1. Standard of Review

¶ 35    We review an order resolving a motion for judgment notwithstanding the verdict de novo. *Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 9. In doing so, we view the evidence, and all inferences that may reasonably be drawn from it, in the light most favorable to the nonmoving party. *Id.* at ¶ 10. A court should deny the motion unless there is no evidence from the trial that could support a verdict against the moving party. *Id.*

### 2. Lack of Findings

¶ 36    Father insists that the district court didn't make any findings concerning mother's alleged use of GPS tracking and her monitoring of his communications. He is mistaken. The court dismissed those allegations. And a court may deny a motion to amend or alter its findings without explanation if it concludes that its existing findings and conclusions are proper and sufficient. *See Eitel v. Alford*, 257 P.2d 955, 958 (Colo. 1953); *US Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 519 (Colo. App. 2009). He further claims that her alleged conduct violated federal law and section 13-20-1301(1), C.R.S. 2025. Again, we decline to address the unpreserved issue. *See Berra*, 251 P.3d at 570.

12

### 3. Mother's Proposed Written Order

¶ 37    Father argues that the district court erred by entering its written order without waiting for the hearing transcript. He points out that the court orally gave him fourteen days to object to mother's amount of attorney fees whereas the written order only provided seven days. But a district court may modify or clarify its oral ruling before entering a written order. *See In re Marriage of Collins*, 2023 COA 116M, ¶ 11. In any event, the record shows that he objected at the time of the written order and, as a result, the court scheduled a hearing.

¶ 38    Next, father asserts that certain portions of the oral ruling provided detailed explanations while the written order didn't. But, on review, we can look at the district court's oral findings to supplement the written order so long as they don't conflict. *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 9 n.1.

### 4. Bond Amount

¶ 39    Father argues that the district court's order that he post a $4,500 bond as security for his obligation for the children's extraordinary medical expenses lacks evidentiary support and adequate findings. We aren't persuaded.

¶ 40     The district court found that mother had spent "approximately" $2,500 per year on the children's extraordinary medical expenses over the previous eight years. After subtracting $500 every year to account for the annual $250 per-child exclusion under section 14-10-115(10)(h)(II), C.R.S. 2024, the court estimated that roughly $9,000 was left in expenses before the parties' youngest child would emancipate. The court then required father to post a bond of $4,500 for his share of the anticipated expenses.

¶ 41     Section 14-10-118(2) provides that the district court has the power to require security to ensure enforcement of its orders. The amount of security must be reasonable. *In re Marriage of Evans*, 2021 COA 141, ¶ 68. Because the decision to order security is discretionary, we review its order for an abuse of discretion. *Id.*

¶ 42     The record supports the district court's bond amount. Mother testified that she couldn't predict exactly what the children's future extraordinary medical expenses would be but explained that she incurred about $20,000 in expenses over the last eight years. *See In re Marriage of Amich*, 192 P.3d 422, 424 (Colo. App. 2007) (district court can believe all, part, or none of a witness's testimony, even if uncontroverted); *see also Thorburn*, ¶ 49 (it is for the district

14

court, not the reviewing court, to determine witness credibility and the weight, probative force, and sufficiency of the evidence, including the inferences and conclusions to be drawn therefrom).

¶ 43     Because the district court made sufficient findings, and the record supports those findings, and given the reasonableness of the amount ordered, the court didn't abuse its discretion.  *Id.*

¶ 44     Nor are we persuaded by father's claim that the district court was required to consider "less intrusive remedies" before imposing a bond.  He doesn't cite nor do we know of any legal authority requiring the court to make such a finding.

¶ 45     We reject father's assertion that the district court erred by requiring him to post a bond under section 14-10-129.5 because the underlying violation involved child support, not a parenting time dispute.  Mother asked for the bond under section 14-10-118.

### 5.     Section 14-10-115(10)(h)(III)

¶ 46     Father says that the district court should have granted his motion for judgment notwithstanding the verdict because certain extraordinary medical expenses were statutorily waived given mother's noncompliance with section 14-10-115(10)(h)(III)(A).  Our review of the record shows that he neither raised this issue in the

15

joint trial management certificate nor in his closing argument. And raising new contentions in a post-trial motion doesn't preserve them for appeal. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66; *see also People v. Schaufele*, 2014 CO 43, ¶ 49 (Boatright, J., concurring in the judgment) ("Motions for reconsideration are designed to correct erroneous court rulings; they are not designed to allow parties to present new legal arguments for the first time and then appeal their denial . . . .").

¶ 47    For the same reason, we won't address father's claim that mother was required to file a motion for judgment under section 14-10-115(10)(h)(III)(B) instead of a motion concerning parenting time disputes under section 14-10-129.5. *See Briargate at Seventeenth Ave. Owners Ass'n*, ¶ 66.

## IV.    Attorney Fees

¶ 48    Father contends that the district court erred by awarding mother her attorney fees incurred to enforce the parenting time order. Because we conclude that the award wasn't yet final when he filed his notice of appeal, we dismiss this portion of the appeal.

¶ 49    At the time father filed his notice of appeal, an evidentiary hearing was pending and the fee award hadn't been reduced to a

16

sum certain.  An unresolved fee award isn't a final, appealable order.  *In re Marriage of Humphries*, 2024 COA 92M, ¶ 49.

¶ 50     While the district court later issued a final fee order, father did not amend his notice of appeal to include it.  Accordingly, we lack jurisdiction to review the propriety of the fee award.  *See id.*

## V.     Disposition

¶ 51     We dismiss as nonfinal the portion of the appeal related to mother's award of attorney fees.  In all other respects, we affirm.

JUDGE SCHOCK and JUDGE LUM concur.